UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JESUS SALAMO,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>DARIN YOUNG, MARTY J. JACKLEY, Attorney General of the State of South Dakota,<br><br>　　　　　Respondents. | 4:16-CV-04029-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on Jesus Salamo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Salamo is currently incarcerated at the South Dakota State Penitentiary. Pending is a motion to dismiss by all respondents. See Docket No. 6. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. This court recommends Mr. Salamo's petition be dismissed and respondents' motion be granted.

## FACTS

On November 4, 2004, Mr. Salamo was convicted by a jury of six offenses: aggravated assault, domestic violence; aggravated assault; violation of a protection order; intentional damage to private property; kidnapping; and

violation of protection order. Six separate judgments of conviction were entered on December 17, 2004. Mr. Salamo filed a direct appeal and on September 6, 2005, the South Dakota Supreme Court affirmed his conviction.

Mr. Salamo filed a state habeas action on September 25, 2006. An evidentiary hearing was held on August 16, 2013. An order denying Mr. Salamo's habeas petition was entered on November 26, 2014, with notice of entry of that decision on December 8, 2014. He did not request a certificate of probable cause nor did he appeal. Mr. Salamo filed the instant federal petition in this court on February 20, 2016. This court issued an order directing both parties to file pleadings addressing whether Mr. Salamo's federal petition was timely. See Docket No. 5. Respondents now move the court to dismiss Mr. Salamo's federal petition on the grounds that it is untimely. See Docket Nos. 6 & 7. Mr. Salamo did not file a response to the respondents' motion or to the court's order to show cause.

## DISCUSSION

**A.     AEDPA Statute of Limitations**

Section 2244, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), contains a one year statute of limitations providing in relevant part as follows:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. See Sup. Ct. R. 13.1; Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2244's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not "pending" for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not *pending* during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."

Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)) (emphasis added).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final.  Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).  However, the AEDPA statute of limitations is *not* tolled during the time a federal habeas petition is pending.  Duncan, 533 U.S. at 177-80.

### B. Application of the Limitations Period as Applied to Mr. Salamo's Facts

Mr. Salamo's conviction became final on December 5, 2005, 90 days after the South Dakota Supreme Court affirmed his conviction on direct appeal on September 6, 2005.  December 5, 2005, is the date when the one-year AEDPA statute of limitations for his federal § 2254 petition began running.

The AEDPA limitations period ran from December 5, 2005, until it was statutorily tolled on September 25, 2006, when Mr. Salamo filed his first state court habeas petition.  During this period, 294 days of the limitations period elapsed.

Mr. Salamo's state habeas petition was denied, and notice of entry of the denial was entered on December 8, 2014.  Mr. Salamo did not request a certificate of probable cause and he did not appeal.  Therefore, the AEDPA statute of limitations began to run again on this date.  Applying the prison mailbox rule, Mr. Salamo filed his federal habeas petition in this court on

February 20, 2016.[1]  See Docket No. 1.  By this point, an additional 439 days had elapsed.  Therefore, the total number of days which elapsed on the AEDPA limitations period before Mr. Salamo filed the instant petition was 733 days.  He missed the filing deadline in federal court by over a year.

The one-year AEDPA statute of limitations is not a jurisdictional bar, however.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.  Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Mr. Salamo does not allege that the state, or any other external factor beyond his control, operated to prevent him from filing his federal or state habeas petition sooner.  In fact, he did not defend the timeliness of his petition at all, despite an order from this court to do so and a motion to dismiss, which

---

[1] The Eighth Circuit has held that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).  To invoke the prison mailbox rule, petitioner must file an affidavit or notarized statement that shows the date on which he delivered his pleading to prison authorities. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).  The form that is used for § 2254 petitions contains a sworn averment at the end of the document stating the date that the petitioner put the petition into the prison mail system. See Docket No. 1 at p. 16.  Mr. Salamo swore that he placed his petition into the prison mailing system on February 20, 2016.  Id.

invited response as well.  Accordingly, this court respectfully recommends that the district court dismiss Mr. Salamo's § 2254 petition as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 6] be granted and that Mr. Salamo's petition for habeas corpus [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED July 15, 2016.

BY THE COURT:

*(signature)*
VERONICA L. DUFFY
United States Magistrate Judge