UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JESUS SALAMO,<br><br>    Petitioner,<br><br>  vs.<br><br>DARIN YOUNG, MARTY JACKLEY, Attorney General of the State of South Dakota,<br><br>    Respondents. | 4:16-CV-04029-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

**INTRODUCTION**

Petitioner, Jesus Salamo, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. On July 15, 2016, Magistrate Judge Duffy submitted her report and recommendation for disposition of this case to the court. Salamo objected to Magistrate Judge Duffy's report and recommendation on August 3, 2016. For the following reasons, the court adopts and modifies Magistrate Judge Duffy's report and recommendation and dismisses Salamo's petition.

**BACKGROUND**

On November 4, 2004, Salamo was convicted of six offenses by a jury: (1) aggravated assault, domestic violence; (2) aggravated assault; (3) violation of a protection order; (4) intentional damage to private property; (5) kidnapping;

and (6) violation of protection order. Six separate judgments of conviction were entered on December 17, 2004. Salamo filed a direct appeal and on September 6, 2005, the South Dakota Supreme Court affirmed his conviction.

Salamo filed a state habeas action on September 25, 2006. An evidentiary hearing was held on August 16, 2013. An order denying Salamo's habeas petition was entered on November 26, 2014, with notice of entry of that decision being filed on December 8, 2014. Salamo did not request a certificate of probable cause nor did he appeal the denial of his state habeas petition.

Salamo filed the instant federal petition in this court on February 20, 2016. Docket 1. In his petition, Salamo raised four grounds all alleging violations of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id.* at 6-11. Salamo acknowledged in his habeas petition that only two of these grounds, grounds one and two, were raised in his state habeas action. *Id.* at 9-11.

Magistrate Judge Duffy issued an order directing Salamo and respondents to file documents addressing whether Salamo's federal petition was timely. Docket 5 at 6. Respondents complied with this order by moving for the court to dismiss Salamo's federal petition because the petition is untimely and because equitable tolling does not apply to toll the petition. Docket 6. Salamo did not file a response to the respondents' motion or to Magistrate Judge Duffy's order to show cause. Docket 8 at 6-7.

Magistrate Judge Duffy recommends that this court grant respondents' motion to dismiss Salamo's petition with prejudice. *Id.* at 7. Magistrate Judge

Duffy found that Salamo's one-year statute of limitation for filing a writ of habeas corpus under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), had expired. Docket 8 at 5-6. In total, Magistrate Judge Duffy found that Salamo missed his one-year AEDPA deadline by 733 days. *Id.* at 6.

Salamo objected to Magistrate Judge Duffy's report and recommendation on August 3, 2016. Docket 9. Salamo filed additional materials on October 21, 2016. Docket 11; Docket 11-1. These materials included a handwritten letter in Spanish and other handwritten comments in Spanish. *See* Docket 11; Docket 11-1 at 1. The Clerk of Courts directed Salamo to translate these documents into English if he wished the court to consider them. Docket 12. Because the documents were never translated, the court has not considered the portions in Spanish.

## STANDARD OF REVIEW

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Salamo's objections to Magistrate Judge Duffy's report and recommendation appear to argue that he is entitled to equitable tolling of the AEDPA statute of limitations because both his state trial counsel and his state habeas counsel provided him with ineffective assistance. *See* Docket 9. Given Salamo's objection to the report and recommendation, the court will first examine the requirements for equitable tolling of the AEDPA statute of limitations. Then the court will determine whether Salamo's objections entitle him to equitable tolling of the statute of limitations.

**A. Equitable Tolling of AEDPA Statute of Limitations.**

Under AEDPA, there is a one-year statute of limitation for habeas corpus petitions for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "For state prisoners, the limitations period runs from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' " *Camacho v. Hobbs*, 774 F.3d 931, 932–33 (8th Cir. 2015) (quoting 28 U.S.C. § 2244(d)(1)(A)). "The Supreme Court has held that the limitations period set forth in '§ 2244(d) is subject to equitable tolling in appropriate cases.' " *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (quoting *Rues v. Denney*, 643 F.3d 618, 613 (8th Cir. 2011)). " '[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief . . . .' " *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

The doctrine of equitable tolling generally "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (emphasis in original). "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." *White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) (citing *Holland*, 560 U.S. at 649). " 'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' " *Gordon*, 823 F.3d at 1195 (quoting *Holland*, 560 U.S. at 653)). And while "[a]n attorney's negligence or mistake is not generally an extraordinary circumstance . . . 'serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling.' " *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (quoting *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)) (internal quotations omitted).

**B. Salamo's Objections do not Warrant Equitable Tolling of the AEDPA Statute of Limitations.**

Salamo's state court conviction became final on December 5, 2005, 90 days after the South Dakota Supreme Court affirmed his conviction on direct appeal on September 6, 2005. Thus, December 5, 2005, is the day that Salamo's AEDPA statute of limitations began to run. Salamo filed his state habeas petition on September 25, 2006. So by the time Salamo filed his state habeas petition, 294 days of his one-year AEDPA statute of limitations had

5

already elapsed. When Salamo's state habeas process became final on December 8, 2014, Salamo had an additional 71 days to institute federal habeas before the expiration of the one-year limitation.

Salamo argues that he was not informed of the December 8, 2014 denial of his state habeas claim until months after the decision was made when Salamo finally got in contact with his state habeas attorney Christopher Dohrer. Docket 9. Salamo alleges that during this conversation Dohrer informed him that he (Dohrer) "would take care of an appeal. . . ." *Id.* An appeal was never filed and, according to Salamo, "[o]nce more ineffective assistance of counsel has affected my life." *Id.* Salamo admits in his objection to the report and recommendation that he was not timely in filing his federal habeas claim but argues that "[t]he rest of [his] life should not depend on [his] ability to respond on time." *Id.* As part of Salamo's objection to the report and recommendation, he provided a lengthy call log that the court assumes shows phone calls made by Salamo to Dohrer.[1] Docket 9-1 at 2-3.

"Here, the first question is whether [Salamo] has shown reasonable diligence to equitably toll *the federal timing rules for filing his federal habeas petition* . . . ." *Gordon*, 823 F.3d at 1195. The court notes that Salamo's state habeas process took an exceedingly long time to finish.[2] And it is reasonable to assume that Salamo felt as if his state habeas process would never finish.

---

[1] Of the 79 calls made by Salamo, it appears that only nine were answered. *See* Docket 9-1 at 2-3. And on eight of the nine calls that were answered, it appears that Salamo was the party who hung up the phone. *Id.*

[2] Salamo's state habeas proceedings were on-going from September 25, 2006, to December 8, 2014. Over eight years elapsed during this period.

Thus, that Salamo did not find out that his state habeas petition was denied on the date of the denial is unsurprising.

Unfortunately for Salamo though, he has failed to produce sufficient evidence to convince that court that he is entitled to equitable tolling on his *federal* habeas claim. The Eighth Circuit recently discussed examples of diligence and the lack of diligence in *Williams v. Kelley*, 830 F.3d 770 (8th Cir. 2016). Specifically, the Eighth Circuit observed that

> [a] petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late.

*Id.* at 773 (citing *Holland*, 560 U.S. at 653). "In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls." *Id.* (citing *Muhammad*, 735 F.3d at 817).

Here, Salamo has provided no evidence to show that he contacted the courts or state bar association to complain about Dohrer's representation of him during Salamo's state habeas proceedings—actions that can show diligence. *See, e.g.*, *Holland*, 560 U.S. at 653 (discussing how seeking to have their attorney removed, writing to the court seeking updates on the status of their case, contacting the state bar association to complain of an attorney's representation, and filing a habeas petition on the day they learned that their AEDPA statute of limitations had already run can show diligence by a habeas petitioner). More importantly, even though Salamo alleges that he did not learn

7

about the December 8, 2014 denial of his state habeas proceedings until months after judgment was entered, Docket 9, he has put forward no evidence to explain why he waited over a year until February 20, 2016, to file his *federal* habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (finding that habeas petitioner who waited for five months after the conclusion of his state habeas action to file a federal habeas petition was not entitled to equitable tolling); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (concluding that the habeas petitioner was not diligent when he filed his federal habeas petition nine months after his state habeas action became final). Thus, even giving Salamo the benefit of the doubt, he waited at least nine months after he learned of the denial of his state habeas petition before he filed his federal habeas petition.

When Salamo's state habeas proceedings became final, Salamo still had 71 days—more than two months—remaining on his one-year AEDPA statute of limitations to initiate a federal habeas proceeding. Because Salamo presented no evidence to explain why he was delayed in filing his federal habeas petition, the court finds that Salamo has failed to show that he was diligent in pursuing his federal habeas claim.[3] Thus, Salamo is not entitled to equitable tolling of his federal habeas petition and his petition is time-barred under AEDPA. Therefore, Salamo's objections to Magistrate Judge Duffy's report and

---

[3] Although the Eighth Circuit has made clear that it "does not condone attorneys failing to respond to letters or phone calls [from clients]," Salamo's lack of diligence in pursuing his federal habeas claim would still necessitate the denial of his claim for equitable tolling—even if the court assumed that Salamo presented evidence of an "extraordinary circumstance." *Muhammad*, 753 F.3d at 816-17.

recommendation are overruled, and the report and recommendation is adopted as modified by this opinion.

### C. Certificate of Appealability.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. GOVERNING SECTION 2254 CASES IN THE U.S. DIST. CTS., R. 11. Where a court denies a federal habeas petition on procedural grounds without addressing the merits of the underlying constitutional claims, the court should issue a certificate of appealability when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, the court concluded that Salamo's federal habeas petition is time-barred under AEDPA. Thus, no reasonable jurist could find that Salamo's case is timely filed or that he is entitled to equitable tolling. Hence, no certificate of appealability will be issued.

## CONCLUSION

Magistrate Judge Duffy recommends that respondents' motion to dismiss be granted and that Salamo's petition for habeas corpus be dismissed with prejudice. Docket 8 at 7. The court overrules Salamo's objections to Magistrate

9

Judge Duffy's report and recommendation, and the report and recommendation is adopted as modified by this opinion.

Thus, it is ORDERED

1. Salamo's objections to the report and recommendation (Docket 9) are overruled.

2. The report and recommendation (Docket 8) is adopted as modified.

3. Respondents' motion to dismiss (Docket 6) is granted. Salamo's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed with prejudice.

4. A certificate of appealability is not issued.

DATED December 15, 2016.

                          BY THE COURT:

                          */s/ Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE